J-S15029-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAEQUAN BROWN | : | |
| | : | |
| Appellant | : | No. 1709 EDA 2023 |

Appeal from the Judgment of Sentence Entered June 9, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000806-2023

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED OCTOBER 2, 2024**

Appellant Daequan Brown appeals from the judgment of sentence imposed following his conviction at a bench trial for invasion of privacy.[1] Appellant argues that the evidence was insufficient to sustain his conviction. After careful review, we conclude that the evidence was sufficient to sustain Appellant's conviction for invasion of privacy, but we are constrained to vacate the judgment of sentence and remand with instructions.

The trial court summarized the relevant facts and procedural history of this matter as follows:

> On May 10, 2022[,] Complainant got off a train at the North Philadelphia SEPTA train stop.  Complainant testified that as she was coming up the stairs from the train platform, [Appellant] was

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 7507.1(a)(2).

close behind her. [Appellant] pulled up her dress and she felt something touch the back of her leg. [Complainant] turned around and saw [Appellant] and he "had his phone out like he was recording. The flash and everything was on his phone." [Appellant] did not have permission to lift her dress, touch her backside or record her. When Complainant turned around and saw [Appellant] doing all of this, [Appellant] said, "oh, my bad" and ran up the steps and across the street and then came back down the steps. Complainant then called 911.

The Commonwealth marked and moved into evidence as Exhibit "C-1", a video taken of the incident by the security cameras at the train station. The [trial c]ourt viewed the video which clearly showed [Appellant] at first walking well behind Complainant and then rushing up immediately behind her as she was walking up the steps. It then shows [Appellant] pulling his phone out from under Complainant's dress, close to her backside. At that time, the light on [Appellant's] phone was on. Complainant testified that she felt the phone and saw the light on his phone, and she thought he was recording her.

The Commonwealth and [Appellant] stipulated that two cell phones were seized from [Appellant] pursuant to a search warrant and no pictures or videos of the complaining witness were found on either phone.

Trial Ct. Op., 8/23/23, at 1-2 (some formatting altered and citations omitted).

After Appellant was found guilty of indecent assault, invasion of privacy, and harassment before the Philadelphia Municipal Court, Appellant appealed to the trial court. Following a non-jury trial *de novo*, the trial court found Appellant guilty of invasion of privacy and not guilty of indecent assault and harassment.

On June 9, 2023, the trial court sentenced Appellant to a term of twelve months of probation and was ordered to comply with the registration and

reporting requirements for a Tier I offender under the Sexual Offender Registration and Notification Act[2] (SORNA).

Appellant filed a timely appeal, and both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue:

Can Appellant's conviction for invasion of privacy under § 7507.1(a)(2) stand when there was no photographic or video evidence recovered from Appellant's phone and there was insufficient evidence that Appellant personally viewed [C]omplainant's intimate parts?

Appellant's Brief at 3.

## Sufficiency of the Evidence

Appellant argues that the Commonwealth failed to present sufficient evidence to support his conviction for invasion of privacy. In support, Appellant claims that "[h]is conviction was based solely upon the trial court's speculative finding that [he] put his phone under [C]omplainant's dress and viewed her intimate parts." *Id.* at 9. Appellant asserts that the security camera video recorded at the SEPTA station confirms that Appellant did not lift Complainant's dress, and although the video shows that Appellant was walking closely behind Complainant with his phone flashlight illuminated near her dress, the video shows that the screen on the phone was dark. *Id.* Further, Appellant emphasizes that although Complainant testified that she felt Appellant lift her dress, the trial court agreed that the security video did

_____

[2] 42 Pa.C.S. §§ 9799.10-9799.41.

- 3 -

not support that conclusion. Finally, Appellant notes that the Commonwealth searched the two phones on his person when he was arrested, but the search revealed no evidence that he took any video or photograph of Complainant's intimate body parts. *Id.* at 10.

The Commonwealth responds that Appellant knowingly viewed Complainant's intimate parts, and the evidence established beyond a reasonable doubt the elements of invasion of privacy. Commonwealth's Brief at 6. The Commonwealth contends that Appellant approached Complainant from behind as she was walking up the stairs to exit the subway station and placed his phone under her dress while shining the phone's flashlight on Complainant's buttocks. *Id.* at 4, 6-7. The video then reveals that Appellant rushed away when Complainant confronted him. *See id.* at 7. The Commonwealth concludes that the evidence was sufficient to convict Appellant of invasion of privacy. *See id.*

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving

every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

***Commonwealth v. Palmer***, 192 A.3d 85, 89 (Pa. Super. 2018) (citation omitted and formatting altered).

The offense of invasion of privacy is set forth in 18 Pa.C.S.§ 7507.1:

**(a) Offenses defined—** . . . a person commits the offense of invasion of privacy if he, for the purpose of arousing or gratifying the sexual desire of any person, knowingly does any of the following:

\* \* \*

(2) Photographs, videotapes, electronically depicts, films or otherwise records or personally views the intimate parts, whether or not covered by clothing, of another person without that person's knowledge and consent and which intimate parts that person does not intend to be visible by normal public observation.

\* \* \*

**(e)Definitions.—**

\* \* \*

"**Intimate part.**" Any part of:

(1) the human genitals, pubic area or buttocks; and

(2) the nipple of a female breast.

**"Photographs**" or **"films."** Making any photograph, motion picture film, videotape or any other recording or transmission of the image of a person.

\* \* \*

**"Views."** Looking upon another person with the unaided eye or with any device designed or intended to improve visual acuity.

18 Pa.C.S. § 7507.1(a)(2), (e).

Here, the trial court concluded that there was sufficient evidence to support Appellant's conviction for invasion of privacy. *See* Trial Ct. Op. at 4. In reaching that conclusion, the trial court explained:

> The evidence was sufficient to support [Appellant's] conviction on the charge of invasion of privacy. Complainant testified as set forth above that [Appellant] pulled up her dress,[3] put his phone underneath her dress which touched her leg/ backside. The light and or flash was on his phone, and it appeared he was recording. At minimum, [Appellant] was viewing [] Complainant's intimate parts. During the defense closing argument the [trial c]ourt and counsel closely examined video portions of the video 19 times and it clearly showed [Appellant] rushing up to [] Complainant, pulling his phone from out under Complainant's dress and rushing away when he was confronted by Complainant. This video made it abundantly clear to the court that [Appellant] was recording and/or viewing Complainant's intimate parts. . . . [Appellant's] phone was facing up and he was pulling it out from underneath her dress.

*Id.* (some formatting altered).

Following our review of the record, and in viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we conclude that there was sufficient evidence to support Appellant's conviction. *See Palmer*, 192 A.3d at 89. As noted, the Commonwealth presented video evidence showing that Appellant closely followed Complainant up the stairs, pulled his

---

[3] Although Complainant testified that Appellant lifted her dress, we are cognizant that the trial court acknowledged that the security video did not specifically show this action. *See* N.T., 4/28/23, at 44. However, physically lifting Complainant's dress is not an element of the crime, and as the trial court notes, the evidence established that Appellant, at a minimum, was viewing Complainant's intimate parts. *See* Trial Ct. Op. at 4.

phone from under Complainant's dress, and then rushed away when confronted. *See* N.T., 4/28/23, at 14-15, 39-40; Trial Ct. Op. at 4. Further, we agree with the trial court's conclusion that even if Appellant was not recording, Complainant's testimony and the security video evidence established that, at a minimum, viewed Complainant's intimate parts as defined in the statute without her consent. *See* N.T., 4/28/23, at 46-47; *see also* 18 Pa. C.S. § 7507.1(a)(2), (e). Therefore, Appellant is not entitled to relief.

### **Legality of Sentence**

Finally, we must address the legality of Appellant's sentence. *See Commonwealth v. Wright*, 276 A.3d 821, 827 (Pa. Super. 2022) (noting that questions regarding the legality of the sentence questions "are not waivable and may be raised *sua sponte* on direct review by this Court" (citation omitted and formatting altered)). A challenge to the legality of the sentence "presents a pure question of law. As such, our scope of review is plenary and our standard of review *de novo*." *Id.* (citations omitted and formatting altered).

As noted above, the trial court sentenced Appellant to a term of twelve months' probation for invasion of privacy, which was graded as a third-degree misdemeanor.[4] *See* N.T., 6/9/23, at 7, 28-29. At the time of sentencing, Appellant had been in custody for 396 days. *Id.* at 7-8. However, the trial

---

[4] The statutory maximum sentence for a third-degree misdemeanor is one year. *See* 18 Pa.C.S. § 1104(3).

court explained that following Appellant's arrest for the charges in the instant case, Delaware County issued a probation detainer and subsequently imposed a sentence for DUI-related charges. *See id.* at 6-8, 27-29. Therefore, the trial court concluded that the time Appellant served in custody would be credited toward the Delaware County sentence, rather than his sentence in the instant case. *See id.* at 27-29.

However, on this record, there is insufficient information to determine if the time Appellant served incarcerated was, in fact, credited to Appellant's Delaware County sentence, or if a Delaware County sentence was properly imposed, entered prematurely, or subsequently vacated.[5] Specifically, it is unclear when the time Appellant spent incarcerated began to run in this case or if such time was credited to a separate sentence in Delaware County.[6] *See* N.T., 6/9/23, at 6.

_____

[5] At the sentencing hearing, the trial court and the Commonwealth discussed the Delaware County detainer and acknowledged that the probation detainer and revocation sentence in Delaware Court may have been premature and was "something Delaware County would have to deal with." N.T., 6/9/23, at 6, *see also id.* at 27-29. However, the trial court informed Appellant that the time he served after his arrest in this case would count toward the Delaware County sentence. *See id.* at 27-29. As stated, we are unable to discern from the current record whether Appellant's time spent incarcerated after his arrest in this case was, in fact, credited toward any other sentence or if it must be counted toward the sentence in this case.

[6] Regarding credit for time served, Section 9760 of the Sentencing Code provides as follows:

> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result

*(Footnote Continued Next Page)*

Due to the lack of information in the record, we are constrained to vacate Appellant's sentence and remand for a new sentencing hearing. At that time, the trial court may gather evidence and take testimony regarding the time credit Appellant should have received and at which docket that credit shall apply.

_____

of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

(2) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody under a prior sentence if he is later reprosecuted and resentenced for the same offense or for another offense based on the same act or acts. This shall include credit in accordance with paragraph (1) of this section for all time spent in custody as a result of both the original charge and any subsequent charge for the same offense or for another offense based on the same act or acts.

(3) If the defendant is serving multiple sentences, and if one of the sentences is set aside as the result of direct or collateral attack, credit against the maximum and any minimum term of the remaining sentences shall be given for all time served in relation to the sentence set aside since the commission of the offenses on which the sentences were based.

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S. § 9760.

In the event that Appellant's time in custody was properly credited toward his Delaware County sentences, the trial court may resentence Appellant to the same sentence it imposed in this matter on June 9, 2023. However, if the trial court concludes that Appellant's credit for time served should have been credited toward the instant case, the trial court shall resentence Appellant to a new legal sentence, bearing in mind that the statutory maximum sentence for a third-degree misdemeanor is one year. *See* 18 Pa.C.S. § 1104(3); *see also* 42 Pa.C.S. § 9760.

For these reasons, although we conclude that the evidence was sufficient to sustain Appellant's conviction for invasion of privacy, we are constrained to vacate Appellant's judgment of sentence and remand for resentencing consistent with this Memorandum.

Conviction affirmed. Judgment of sentence vacated and case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/02/2024